IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN GABRIEL MONTOYA,

    Plaintiff,

v.                                                                           Civ. No. 23-497 GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## **ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS**

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915.  *Doc. 2*.  For the reasons stated below, Plaintiff's Motion is DENIED.

The statute governing proceedings in forma pauperis, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a description of all assets the person possesses as well as a statement that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied.  If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (unpublished) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will deny Plaintiff's Motion to proceed in forma pauperis. Although Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings, Plaintiff's net monthly income substantially exceeds his monthly expenses. *Doc. 2* at 3. Plaintiff reports that he is employed and receives a net monthly income of $1,840. *Id.* at 2. He also reports that he receives $28 per month in food stamp benefits. *Id*. at 1. By contrast, Plaintiff reports monthly expenses of $900 ($500 in rent, $100 in utilities, and $300 in groceries). *See id.* at 3. Plaintiff also states that he owes $24,000 in child support, but he lists the monthly payment associated with this child support as $0. *Id.* Because Plaintiff's monthly income is more than twice his monthly expenses, and because Plaintiff is employed, the

Court concludes that Plaintiff is able to prepay the fees and costs of this proceeding.  *See generally doc. 2*.

    IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (*doc. 2*) is DENIED without prejudice.

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE