# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARTIN G. M.,

    Plaintiff,

v.                                                   Civ. No. 23-497 GBW

FRANK BISIGNANO,[1]
*Commissioner of the Social
Security Administration*,

    Defendant.

## ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b). *Doc. 25*. Plaintiff's counsel requests a fee award of $18,036.00. *Id*. at 1. The Commissioner takes no position. *Doc. 26*. Plaintiff's motion will be GRANTED for the reasons that follow.

### I. Background

Plaintiff first sought review of his denial of benefits in district court on August 28, 2020. *See* Civ. No. 20-880 KK (*doc. 1*). United States Magistrate Judge Kirtan Khalsa granted Plaintiff's motion to remand on September 14, 2021, and subsequently awarded Plaintiff $8,000 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Commissioner Frank Bisignano has been substituted for former Commissioner Martin O'Malley as the defendant in this suit.

2412.  Civ. No. 20-880 KK (*docs. 27*, *31*).  After receiving an unfavorable decision on remand, Plaintiff again sought review in this Court on June 8, 2023.  *Doc. 1*.  On December 6, 2023, the Court granted the Commissioner's unopposed motion to remand.  *Doc. 21*.  On February 23, 2024, the Court awarded Plaintiff $7,500.00 in attorney fees under the EAJA.  *Doc. 24*.

On March 17, 2025, Plaintiff received a partially favorable decision on remand.  *Doc. 25-1* at 1.  The ALJ found the Plaintiff was under a disability from February 13, 2014, through September 7, 2021, but that medical improvement occurred as of September 8, 2021, ending Plaintiff's disability.  *Id*. at 16, 19.  The Notice of Award stated that Plaintiff was entitled to past-due benefits totaling $112,144.00 for the period of August 2014 through November 2021.  *Id*. at 24.  The notice explained that 25% of the past-due benefits, or $28,036.00, would be withheld until the amount of attorney fees was determined.  *Id*.  Plaintiff's counsel now seeks an award of $18,036.00 to be paid out of Plaintiff's past-due benefits.  *Doc. 25* at 1.

**II.   Standard of Review**

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[2]  Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits.  *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th

---

[2] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Cir. 2006). Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

Fee awards under § 406(b) are governed by two conditions: a 25% cap and a reasonableness standard. First, the Court may not award fees "in excess of 25 percent of the total of the past-due benefits" owed to Plaintiff as a result of the favorable judgment by the Agency. 42 U.S.C. § 406(b)(1)(A). This cap applies "only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019). Second, the Court may only award fees that are "reasonable." 42 U.S.C. § 406(b)(1)(A). Plaintiff's attorney has the burden of showing that, "[w]ithin the 25 percent boundary, . . . the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Although the standard for fee awards under § 406(b) does not "displace contingent-fee agreements," the Court's review of fee arrangements serves as an "independent check[] to assure that [these arrangements] yield reasonable results in particular cases." *Id.*

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). The court may therefore consider factors such as (1) whether the

3

representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case.  *Id*.; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010).

### III.   Analysis

The requested fee of $18,036.00 is significantly less than 25% of Plaintiff's total past-due benefits, the threshold permitted by § 406(b).  The requested fee is also less than the 25% provided by the Fee Agreement between Plaintiff and Plaintiff's counsel.  *See doc. 25-1* at 33–34.  The Court therefore turns to the *Gisbrecht* factors to assess whether the requested fee is reasonable.  *See* 535 U.S. at 808.

First, the Court does not find that the representation was substandard; Plaintiff's counsel obtained a partially favorable outcome resulting in a past-due benefits award of approximately $112,144.00.  *See doc. 25-1* at 24.  Second, Plaintiff's counsel was not responsible for any delay in briefing the motion for remand, and the request for attorney fees was filed approximately two months after Plaintiff received his award of past-due benefits.  *See doc. 25-1* at 22; *McGraw*, 450 F.3d at 505 ("A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.").  The Court therefore finds no significant delay.

On the third factor, the Court must consider whether the award is disproportionate to the amount of time counsel spent on the case.  *Gisbrecht*, 535 U.S. at

4

808. Counsel's affidavit indicates she spent 37.8 hours working on Plaintiff's case, *doc. 25-1* at 31, which equates to an hourly rate of approximately $477.14. This is commensurate with hourly rates that have previously awarded in this district. *See, e.g., Melissa D. V. v. Bisignano*, 2025 U.S. Dist. LEXIS 139497, at *7–8 (D.N.M. Jul. 21, 2025) (finding an hourly rate of $627.76 reasonable for a partially favorable outcome); *Gabrielle H. v. Dudek*, 2025 U.S. Dist. LEXIS 54185, at *7 (D.N.M. Mar. 24, 2025) (collecting cases with hourly rates ranging from $268.22 to $636.70); *Esperanza v. Colvin*, 2025 U.S. Dist. LEXIS 9759, at *4 (D.N.M. Jan. 16, 2025) (finding an hourly rate of $462.08 "in line with other fee awards authorized in this District"). Plaintiff's counsel represents that she has been practicing law since 2017, that she is a member of the National Organization of Social Security Representatives and the New Mexico Social Security Attorneys Association, that her practice consists exclusively of social security cases, that she has argued close to 350 social security cases before this Court, and that her firm's remand or immediate benefits rate is over 80%. *Doc. 25-1* at 35–36. In light of counsel's experience and the favorable result reached in this case, the Court finds that the total requested fee award of $18,036.00 is both proportionate and reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (*doc. 25*) is GRANTED, and the Court hereby authorizes an award of **$18,036.00** in attorney fees, to be paid to Plaintiff's attorney by the Agency from the funds withheld for this purpose.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the fees of **$7,500.00** and **$8,000.00**, totaling $15,500.00,[3] awarded under the EAJA pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[3] The Court finds that counsel's request for refund of both EAJA fee awards, *see doc. 25* at 2, is proper, particularly in the absence of any argument to the contrary. *See Parrish v. Comm'r of SSA*, 698 F.3d 1215, 1221 (9th Cir. 2012) ("Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset *all EAJA awards* against the § 406(b) award." (emphasis added)).